UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BAYSIDE COMMUNITY HOSPITAL | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-01562 (EGS) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | |
| U.S. Department of Health | ) | |
| and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint ("the Complaint") as follows:

## FIRST DEFENSE

Plaintiff's claims arise solely under Title XVIII of the Social Security Act ("the Act"), 42 U.S.C. § 1395 et seq. ("the Medicare statute") and the Administrative Procedure Act, 5 U.S.C. § § 551-559, 701-706 ("the APA"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

<u>THIRD DEFENSE</u>

Using the same numbered paragraphs as the Complaint, the Secretary answers

Plaintiff's allegations in the numbered paragraphs of the Complaint as follows:

1.  Sentences one and two contain characterizations of this action, not allegations

of fact, and thus no response is required.  Denies sentence three.

2. Admits that under Medicare "rural" providers are entitled to receive

reimbursement for the reasonable costs of obtaining the services of a non-physician

anesthetist, but otherwise denies sentence one.  Sentence two contains characterizations

of this action, not allegations of fact, and thus no response is required.

3.  This paragraph contains characterizations of the decisions made by the Provider

Review Reimbursement Board ("PRRB") and the Secretary in this case, which speak for

themselves.  The Secretary respectfully refers the Court to the cited decisions,

Administrative Record ("A.R.") at 2-9, 18-25, for a complete and accurate statement of

their contents.

4.  Denies.

5.  Admits sentences one.  Denies sentence two, except to admit that Plaintiff was

designated a "critical access hospital" ("CAH") by CMS and that Plaintiff is deemed to be

in a rural area for the purpose of qualifying for CAH designation.

6.  Admits.

7.   Admits, except to deny the extent to which the Secretary, Michael O. Leavitt, or his predecessors, are or were solely responsible for the administration of the Medicare program.  By way of further answer, the Secretary avers that he has delegated considerable authority for the administration of the Medicare program to the Administrator of the CMS (formerly the Health Care Financing Administration).

8.   This paragraph contains characterizations of  this action, not allegations of fact, and thus no response is required.

9-10.   These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.

11.   Admits.

12.   Admits sentence one.  Denies sentence two.  Admits sentence three except to deny the characterization of Medicare Fiscal Intermediaries as "middlemen."

13-14.   These paragraphs contain Plaintiff's characterizations of 42 U.S.C. § 1395oo(a) and (f), and 42 C.F.R. § 405.1835, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited statutes and regulation, which speak for themselves, and respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

15-17.   These paragraphs contain Plaintiff's characterizations of 42 U.S.C. § 1395i-4(c)(2)(B) and 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited statutes,

which speak for themselves, and respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

18.  This paragraph contains Plaintiff's characterizations of Pub. L. No. 106-113, § 401, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited authority, which speaks for itself, and respectfully refers the Court to the cited authority for a complete and accurate statement of its contents.

19.  Denies, except to admit that Plaintiff is a CAH.

20-25.  These paragraphs contain Plaintiff's characterizations of a variety of statutory and regulatory provisions, Federal Register passages, and legislative materials, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited authorities, which speak for themselves, and respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

26.  Admits.

27.  Denies, except to admit that Plaintiff was eligible for CAH status by virtue of the rural reclassification provision that mandates that providers located in rural census tracts of metropolitan statistical areas be treated as being located in a rural area for the purposes of qualifying for CAH designation.

28.  Sentences one and two contain characterizations of an April 6, 2004 decision of the fiscal intermediary that is not contained in the administrative record of this case,

not allegations of fact, and thus no response is required.  The Secretary respectfully refers the Court to the fiscal intermediary's position paper, A.R. at 157-66, which quotes from the April 6, 2004 decision, for a complete and accurate statement of the intermediary's position.  Admits sentences three and four.

29.  This paragraph contains characterizations of the decision made by the PRRB in this case, which speaks for itself.  The Secretary respectfully refers the Court to the cited decision, A.R. at 18-25, for a complete and accurate statement of its contents.

30.  This paragraph contains characterizations of the cited decision of the CMS Administrator, which speaks for itself.  The Secretary respectfully refers the Court to the cited decision, A.R. at 2-9, for a complete and accurate statement of its contents.

31.  Admits.

32.  This paragraph contains characterizations of this action, not allegations of fact, and thus no response is required.

33.  Denies sentences one and two.  Sentence three contains a conclusion of law and characterization of 5 U.S.C. § 706(2), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited regulation, which speaks for itself, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

34.  Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, the Secretary denies.  Except to the extent expressly admitted or qualified above the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified one-volume administrative record

for this action.

November 5, 2007                         Respectfully submitted,


                                         _____/s/_____
                                         JEFFREY A. TAYLOR
                                         United States Attorney
                                         D.C. Bar No. 498610


                                         Respectfully submitted,



                                         _____/s/_____
                                         CHARLOTTE ABEL
                                         Assistant United States Attorney
                                         D.C. Bar No. 388582
                                         United States Attorney's Office
                                         Civil Division
                                         555 4th Street, N.W.
                                         Washington, D.C. 20530
                                         (202) 307-2332



                                         _____/s/_____
                                         LINDA KEYSER
                                         Attorney
                                         U.S. Department of Health and Human Services
                                         Office of the General Counsel
                                         Centers for Medicare & Medicaid Services Division
                                         Room 5344, Cohen Building
                                         330 Independence Avenue, S.W.
                                         Washington, D.C. 20201
                                         202-205-8779
                                         Facsimile: (202) 401-1405

                                         Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November ___, 2007, an electronic copy

of the foregoing  Defendant's Answer will be served on Plaintiff's counsel via the United States

District Court's Electronic Case Filing system.


Respectfully submitted,


_____/s/_____
CHARLOTTE ABEL
Assistant United States Attorney
D.C. Bar No. 388582
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332

Counsel for Defendant