UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BAYSIDE COMMUNITY HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary,<br>U.S. Department of Health<br>and Human Services,<br><br>Defendant. | Case No. 1:07-CV-01562 (EGS) |

## ANSWER TO AMENDED COMPLAINT

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff's Amended Complaint ("the Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims arise solely under Title XVIII of the Social Security Act ("the Act"), 42 U.S.C. § 1395 et seq. ("the Medicare statute") and the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706 ("the APA"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

Using the same numbered paragraphs as the Complaint, the Secretary answers Plaintiff's allegations in the numbered paragraphs of the Complaint as follows:

1.  Sentences one and two contain characterizations of this action, not allegations of fact, and thus no response is required. Denies sentence three.

2.  Admits that under Medicare, "rural" providers are entitled to receive reimbursement for the reasonable costs of obtaining the services of a non-physician anesthetist, but otherwise denies sentence one. Sentence two contains characterizations of this action, not allegations of fact, and thus no response is required.

3.  This paragraph contains characterizations of the decisions made by the Provider Review Reimbursement Board ("PRRB") and the Secretary in this case, which speak for themselves. The Secretary respectfully refers the Court to the cited decisions, Administrative Record ("A.R.") at 2-9, 18-25, for a complete and accurate statement of their contents. To the extent a response is deemed necessary, the Secretary denies.

4.  Denies.

5.  Admits sentence one. Denies sentences two and three, except admits that Plaintiff was designated a "critical access hospital" ("CAH") by the Centers for Medicare and Medicaid Services ("CMS") and that Plaintiff is deemed to be in a rural area for the purpose of qualifying for CAH designation.

6.  Admits.

7.  Admits, except denies allegations regarding the extent to which the Secretary, Michael O. Leavitt, or his predecessors, are or were solely responsible for the

administration of the Medicare program. By way of further answer, the Secretary avers that he has delegated considerable authority for the administration of the Medicare program to the Administrator of CMS (formerly the Health Care Financing Administration).

8. This paragraph contains characterizations of this action, not allegations of fact, and thus no response is required.

9-10. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.

11. Admits.

12. Admits sentence one. Denies sentence two. Admits sentence three except denies the characterization of Medicare Fiscal Intermediaries as "middlemen."

13-14. These paragraphs contain Plaintiff's characterizations of 42 U.S.C. § 1395oo(a) and (f), and 42 C.F.R. § 405.1835, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited statutes and regulation, which speak for themselves, and respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

15-17. These paragraphs contain Plaintiff's characterizations of 42 U.S.C. § 1395i-4(c)(2)(B) and 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited statutes, which speak for themselves, and respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

18. This paragraph contains Plaintiff's characterizations of Pub. L. No. 106-113, § 401, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited authority, which speaks for itself, and respectfully refers the Court to the cited authority for a complete and accurate statement of its contents.

19. Denies, except admits that Plaintiff is a CAH.

20-25. These paragraphs contain Plaintiff's characterizations of a variety of statutory and regulatory provisions, Federal Register passages, and legislative materials, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited authorities, which speak for themselves, and respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

26. Admits.

27. Denies, except admits that Plaintiff was eligible for CAH status by virtue of the rural reclassification provision that mandates that providers located in rural census tracts of metropolitan statistical areas be treated as being located in a rural area for purposes of qualifying for CAH designation.

28. Sentences one and two contain characterizations of an April 6, 2004 decision of the fiscal intermediary that is not contained in the administrative record of this case, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the fiscal intermediary's position paper, A.R. at 157-66, which quotes from

the April 6, 2004 decision, for a complete and accurate statement of the intermediary's position.  Admits sentences three and four.

29.  This paragraph contains characterizations of the decision made by the PRRB in this case, which speaks for itself.  The Secretary respectfully refers the Court to the cited decision, A.R. at 18-25, for a complete and accurate statement of its contents.

30.  This paragraph contains characterizations of the cited decision of the CMS Administrator, which speaks for itself.  The Secretary respectfully refers the Court to the cited decision, A.R. at 2-9, for a complete and accurate statement of its contents.  To the extent a response is deemed necessary, the Secretary denies.

First ¶ 31.  The first two sentences of this paragraph contain characterizations of the decision made by the fiscal intermediary in another case not relevant to the instant litigation, not allegations of fact.  As such, no response to the first two sentences is required.  The Secretary denies the third and fourth sentences of this paragraph.

Second ¶ 31.  Admits.

32.  This paragraph contains characterizations of this action, not allegations of fact, and thus no response is required.

33.  Denies sentences one and two.  Sentence three contains a conclusion of law and characterization of 5 U.S.C. § 706(2), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited statute, which speaks for itself, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

34-35.  Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, the Secretary denies.  Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests that the Court enter judgment affirming the validity of the challenged agency actions, dismiss the Complaint and action with prejudice, and award Defendant costs and such other relief as the Court may deem appropriate.

March 13, 2008                                  Respectfully submitted,

                                               /s/
                                       JEFFREY A. TAYLOR
                                       United States Attorney
                                       D.C. Bar No. 498610


                                             /s/
                                       CHRISTOPHER B. HARWOOD
                                       Assistant United States Attorney
                                       N.Y. Reg. No. 4202982
                                       United States Attorney's Office
                                       Civil Division
                                       Judiciary Center Building
                                       555 4th Street, N.W.
                                       Washington, D.C. 20530
                                       (202) 307-0372


                                             /s/
                                       LINDA KEYSER
                                       Attorney
                                       U.S. Department of Health and Human Services
                                       Office of the General Counsel
                                       Centers for Medicare & Medicaid Services Division
                                       Room 5344, Cohen Building
                                       330 Independence Avenue, S.W.
                                       Washington, D.C. 20201
                                       202-205-8779
                                       Facsimile: (202) 401-1405

                                       Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 13, 2008, an electronic copy of the foregoing Answer to Amended Complaint will be served on Plaintiff's counsel via the United States District Court's Electronic Case Filing system.

Respectfully submitted,

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
N.Y. Reg. No. 4202982
United States Attorney's Office
Civil Division
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Counsel for Defendant